UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN J. CASTELLANO,

       Petitioner,

v.                                                  Case No. 06-C-164

CATHERINE FARREY, Warden,

       Respondent.

## ORDER ON RULE 4 REVIEW

       The petitioner, John J. Castellano ("Castellano"), commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 7, 2006. According to his petition, Castellano is currently serving a forty-year sentence after being convicted in the Milwaukee County Circuit Court of second degree sexual assault of a child and sexual exploitation of a child.

       Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

       When I conduct the initial Rule 4 review of a habeas petition, one of the things I examine is whether, on the face of the petition, it appears to be timely filed. Habeas petitions challenging the

petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

> The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The face of Castellano's habeas petition indicates that he was convicted by the Milwaukee County Circuit Court on August 23, 2000, and that conviction was amended on March 3, 2001. The Wisconsin Court of Appeals affirmed Castellano's conviction on January 28, 2002, and the Wisconsin Supreme Court denied review on April 22, 2002. Castellano did not petition the United States Supreme Court for certiorari. (Pet. at 2-4.) Castellano thereafter filed a post-conviction

motion in the Milwaukee County Circuit Court. Again according to the face of Castellano's petition, the post-conviction motion was filed on July 28, 2003. The Circuit Court denied the motion on October 6, 2003, and then denied Castellano's motion to reconsider on October 24, 2003. The Wisconsin Court of Appeals affirmed on October 27, 2004, and the Wisconsin Supreme Court denied review on February 9, 2005 and denied Castellano's motion to reconsider on February 28, 2005. (Pet. at 4-6.) Castellano's federal habeas petition was filed on February 7, 2006.

Based on all of the above, the court is concerned that Castellano's petition may not have been timely filed. Rule 4 states that when conducting the initial examination of a habeas petition, if the petition is not summarily dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Therefore, before the court orders the respondent to answer Castellano's petition, it will order the parties to submit briefs addressing only the issue of timeliness.

**NOW THEREFORE IT IS ORDERED** that the respondent submit a brief addressing the timeliness of Castellano's habeas petition on or before April 10, 2006;

**IT IS FURTHER ORDERED** that Castellano file a brief in response to the respondent's brief on or before May 15, 2006.

**SO ORDERED** this 9th day of February 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge