UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN J. CASTELLANO,

    Petitioner,

v.                                                                 Case No. 06-C-164

CATHERINE FARREY, Warden,

    Respondent.

**DECISION AND ORDER DISMISSING FEDERAL HABEAS
CORPUS PETITION FOR UNTIMELINESS**

## I. PROCEDURAL BACKGROUND

On February 7, 2006, the petitioner, John J. Castellano ("Castellano"), commenced this action when he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Castellano is currently serving a forty-year sentence after being convicted in the Milwaukee County Circuit Court of one count of second-degree sexual assault of a child and three counts of sexual exploitation of a child, in violation of Wis. Stat. §§ 948.02(2) and 948.05(1)(a). After reviewing Castellano's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this court ordered the parties to file briefs addressing only the issue of the timeliness of Castellano's petition under 28 U.S.C. § 2244(d). Those briefs were thereafter filed and have now been considered by the court. The parties' respective filings paint the following procedural picture in the state courts.

Castellano was convicted on his guilty pleas on June 6, 2000, and he was sentenced on August 22, 2000. Castellano appealed his convictions to the Wisconsin Court of Appeals and on

January 28, 2002, that court affirmed his convictions. On April 22, 2002, the Wisconsin Supreme Court denied his petition for review.

On June 23, 2003, July 28, 2003 and September 11, 2003, Castellano filed postconviction motions pursuant to Wis. Stat.§ 974.06. On October 6, 2003, the Milwaukee County Circuit Court denied those motions in a written decision and order. The circuit court denied Castellano's motion for reconsideration on October 24, 2003. Castellano appealed and the court of appeals affirmed the circuit court's order denying his postconviction motions on October 27, 2004. On February 9, 2005, the Wisconsin Supreme Court denied Castellano's petition for review.

## II. DISCUSSION

Title 28 U.S.C. § 2244(d)(1) provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date of which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations applies to petitions which, like Castellano's petition, are filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), to wit, April 24, 1996. *See Newell v. Hanks*, 283 F.3d 827, 832 (7th Cir. 2002).

2

Nothing in either Castellano's petition or his brief suggests that subsections (d)(1)(B), (C), or (D) apply to his petition. Such being the case, the timeliness of Castellano's petition will be examined under § 2244(d)(1)(A). More precisely, the issue to be addressed is whether Castellano's petition was filed within one year of the date on which his judgment of conviction became final. In addressing this issue, the court must also bear in mind that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)(1)]." 28 U.S.C. § 2244(d)(2).

Under 28 U.S.C. § 2244(d)(1)(A), Castellano's state court judgment became final on July 22, 2002, i.e., the date on which, after direct review of his conviction was complete in Wisconsin courts, the time for Castellano to file a petition for a writ of *certiorari* in the United States Supreme Court expired. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) (holding that the ninety day period after a direct appeal during which a petition for writ of *certiorari* may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of determining when the statute of limitations begins to run).

However, on June 23, 2003, July 28, 2003 and September 11, 2003, Castellano filed postconviction motions pursuant to Wis. Stat.§ 974.06. The filing of those motions tolled the running of the § 2254 one-year period of limitations, pursuant to 28 U.S.C. § 2244(d)(2). But, by the time the first of the § 974.06 motions was filed on June 23, 2003, 335 days had passed from July 22, 2002, leaving 30 days remaining in the one-year period of limitations. On October 6, 2003, the Milwaukee County Circuit Court denied those motions in a written decision and order. The circuit court denied Castellano's motion for reconsideration on October 24, 2003. Castellano appealed and

3

the court of appeals affirmed the circuit court's order denying his postconviction motions on October 27, 2004. On February 9, 2005, the Wisconsin Supreme Court denied Castellano's petition for review.

Unlike on direct review, a habeas petitioner is not entitled to tack on the 90 days for seeking *certiorari* from the denial of a state collateral attack for purposes of tolling the statute of limitations under 28 U.S.C. § 2244(d)(2), unless *certiorari* is actually sought. *Gutierrez v. Schomig*, 233 F.3d 490, 491-92 (7th Cir. 2000). It does not appear that Castellano filed a petition for *certiorari* to have the United States Supreme Court review the state courts' denial of his postconviction motions. Moreover, even assuming that the time for filing a § 2254 petition did not begin to run again until May 10, 2005 (i.e., ninety days after February 9, 2005, to allow him an opportunity to file a petition for certiorari review), Castellano would have had to file his § 2254 petition on or before June 9, 2005 (i.e., thirty days after May 10, 2005) in order for it to have been filed timely under § 2244(d)(1). This he did not do; instead, his petition for writ of habeas corpus under § 2254 was not filed until February 7, 2006, a full eight months after June 9, 2005.

The bottom line is that Castellano's petition for a writ of habeas corpus was filed in untimely fashion. Assuming that the statute of limitations resumed running on February 10, 2005, Castellano needed to file his petition on or before March 11, 2005 (i.e. thirty days after February 10, 2005). Assuming that the statute of limitations resumed running on May 10, 2005, Castellano needed to file his petition on or before June 9, 2005 (i.e., thirty days after May 10, 2005). He did neither. Such being the case, Castellano's petition was filed long after the § 2244(d)(1) statute of limitations had expired.

4

Case 2:06-cv-00164-WEC   Filed 05/19/06   Page 4 of 8   Document 11

Castellano argues, however, that he is entitled to invoke the doctrines of equitable tolling and equitable estoppel in order to save his petition. Neither the Seventh Circuit nor the United States Supreme Court has conclusively determined if equitable tolling applies to the AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005); *Williams v. Sims*, 390 F.3d 958, 962 (7th Cir. 2004). However, in *Pace*, the Supreme Court determined that, assuming equitable tolling was available in the habeas context, a petitioner would have to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace*, 544 U.S. at 418. The Seventh Circuit has noted that "[e]quitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Balsewicz v. Kingston*, 425 F.3d 1029, 1033 (7th Cir. 2005) (citing *Gildon v. Brown*, 384 F.3d 883, 887 (7th Cir. 2004)). Similarly, the doctrine of equitable estoppel applies to situations involving "'conduct by the defendant that prevents the plaintiff from suing within the statutory period." *Id*. at 1034.

In his brief on the question of timeliness, Castellano sets forth a litany of events that occurred from the date of his sentencing through the date by which his timeliness brief was to be filed in this court, i.e., May 15, 2006. However, many of the events that he sets forth occurred either during Castellano's appeal of his conviction or during a time when the limitations period was otherwise tolled by virtue of the application of § 2244(d)(2). For purposes of equitable tolling, the only important time periods are from July 21, 2002 through June 23, 2003, and from February 10, 2005 through March 10, 2005.

There is no indication that during either of those time frames "extraordinary circumstances stood in [Castellano's] way" of pursuing his rights. To the contrary, the litany of events includes

5

numerous instances in which Castellano did seek various forms of relief, both from the state courts and from the prison system. (*See, e.g.*, Pet'r's Resp. at 7-8 ("10-31-02 Castellano files DOC-400 'Offender Complaint' WCI-2002-38369 Re: **Inaccurate Presentence Investigation** 'denied opportunity to review'"; "12-31-02 Hon. Clare L. Fiorenza denies Castellano's request for a copy of the presentence report"; "01-31-03 DECISION AND ORDER GRANTING MOTION FOR LIMITED ACCESS TO PRESENTENCE REPORT"; and "04-24-03 Castellano files DOC-400 'Offender Complaint' WCI-2002-14420 '. . . denied opportunity to correct PSI.'") (emphasis in original))

To be sure, Castellano asserts that from July 23, 2002 until April 23, 2004, he "was denied access to Waupun Correctional Law Library for **198 days**"; that from April 23, 2004 through June 1, 2004, "N.L.C.I. ha[d] no functional law library; Castellano should be allowed **40 days** equitable tolling"; and that from November 11, 2004 through November 25, 2004 " N.L.C.I. [was] on lockdown due to prison riot; Castellano loses **14 days** on law library time due to NLCI prison riot lock down." (Pet'r's Resp. at 15. (emphasis in original))  However, even assuming *arguendo* that he may have not been able to use or have access to a law library for the number of days claimed, such fact does not constitute an extraordinary circumstance that stood in the way of Castellano's filing a federal habeas corpus petition in timely fashion.  It appears from Castellano's response that although he was denied law library access on many days, i.e., weekends, holidays, etc., he was not totally deprived of law library access.  (Pet'r's Resp. at 15.)  Simply stated, Castellano has not demonstrated that he needed all of those days of access to a law library in order to file his habeas corpus petition in timely fashion.

6

Castellano also argues that the statute of limitations should be tolled from March 11, 2002 through September 23, 2004. (Pet'r's Resp. at 23.) This, according to Castellano, is because on March 11, 2002, he filed "his first Collateral Attack DOC-400 WCI-2002-9088 Re: Sex Offender Classification" and it was not until September 23, 2004, that the Wisconsin Court of Appeals issued its decision affirming the dismissal of Castellano's *certiorari* action challenging "the warden's refusal to correct or expunge information derived from the PSI from Castellano's PSU files." (*See* Pet'r's Resp., Ex. 1033B at 3 (September 23, 2004 Ct. App. Decision))

That Castellano chooses to call the "Offender Complaint," which he filed with the Department of Corrections on March 11, 2002 (Pet'r's Resp., Ex. 1032), a "collateral attack" does not *ipso facto* transform that complaint into a "post-conviction or other collateral review with respect to the pertinent judgment or claim," thereby bringing into play the tolling provisions of § 2244(d)(2). Simply stated, Castellano's "Offender Complaint" is not a post-conviction or other collateral review with respect to his judgment of conviction. Rather, the complaint relates to his prison classification. *See Lozano v. Frank*, 424 F.3d 554, 555 (7th Cir. 2005) (holding that a motion to seek a sentence modification had "no bearing on the constitutionality or finality of [the habeas petitioner's] convictions" and thus did not affect the limitations period under §2244(d)(1)(A)). Indeed, the text of the offender complaint makes that fact abundantly clear:

> In retaliation for filing DOC-400 'Offender Complaints' and Civil Suit for Intentional Discrimination based on HIV-AIDS medical disability (Case 98CV002836 Dane Co., WI), I have been prejudicially and biasedly 'mis-classified' as a sex-offender with a ". . . [r]eoffense risk judged to be in the medium to high range." as assessed by WCI-PSU's Clinical Psychologists Dr. Robert E. Wheeler, Dr. Gary Ankarlo, and Dr. Stephen Fleck, in my DOC-1423 'Sex Offender Report' of 7-21-98, thus causing me to be denied transfer to a medium correctional facility after 8-years and 4-months since being incarcerated at WCI in June 1994, and being denied visiting privileges of my niece, nephews and grand-daughters. They wrongly alleged a 'history of sexual

7

victimization of children' and having 'Multiple Victims.' I have never expressed a preference for children.

(Pet'r's Resp., Ex. 1032.)

Given the foregoing, the time period from March 11, 2002 through September 23, 2004, was not tolled pursuant to the provisions of § 2244(d)(2). Moreover, that Castellano chose to file and then further litigate such complaint in the Wisconsin state courts does not constitute an "extraordinary circumstance" that somehow stood in the way of his being able to file a federal habeas corpus petition challenging the constitutionality of his underlying conviction. Nor does such chosen action on Castellano's part somehow translate into "'conduct by the defendant that prevent[ed] the [petitioner] from suing within the statutory period." *Balsewicz*, 425 F.3d at 1034.

In the end, and for all of the foregoing reasons, Castallano's federal habeas corpus petition was filed in untimely fashion and neither the doctrine of equitable tolling nor equitable estoppel can save it from dismissal. Thus, Castellano's petition for a writ of habeas corpus will be dismissed for untimeliness.

**NOW THEREFORE IT IS ORDERED** that Castellano's petition for a writ of habeas corpus be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**SO ORDERED** this 19th day of May 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge